UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CHA'KEIRA DALTON, ET AL.                                                    PLAINTIFFS

VS.                                                    CIVIL ACTION NO. 3:08cv360-DPJ-JCS

CENTRAL MISSISSIPPI CIVIL IMPROVEMENT
ASSOCIATION, INC. D/B/A JACKSON-HINDS
COMPREHENSIVE HEALTH CENTER, ET AL.                                         DEFENDANTS

**ORDER**

This Federal Tort Claims Act case is before the Court on the Government's Motion for Summary Judgment [23] of Plaintiffs' wrongful death claim. The Court, having fully considered the parties' submissions and the applicable law, finds that the motion should be granted in part and denied in part.

I.   Facts / Procedural History

Plaintiff Cha'Keira Dalton (Dalton) alleges in her Complaint that Dr. Natasha Hardeman, an employee of Central Mississippi Civil Improvement Association, Inc., d/b/a/ Jackson-Hinds Comprehensive Health Center, negligently inserted an intrauterine contraceptive device (IUD) without first properly determining Dalton's pregnancy status. Dalton was pregnant at the time and alleges that the negligent care caused a miscarriage.

Defendants now move for summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure, claiming that Plaintiffs have no evidence proving the fetus was "quick" (i.e., moving in the womb) as required to state a wrongful death claim under the Mississippi wrongful death statute. Defendants further claim Plaintiffs are not entitled to a jury trial. Plaintiffs oppose the motion with competent summary judgment evidence. The issue is now ripe for decision.

II.	Standard

Summary judgment is warranted under Rule 56(c) when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000).

II.     Analysis

   A.     Wrongful Death Claim

Mississippi provides the relevant substantive law for Plaintiffs' wrongful death claim.[1]  A wrongful death claim exists under Mississippi law "[w]henever the death of any person or of any unborn *quick child* shall be caused by any real, wrongful or negligent act or omission."  Miss. Code Ann. § 11-7-13 (emphasis added).  The Mississippi Supreme Court has defined a "quick child" as "one that has developed so that it moves within the mother's womb."  *66 Fed. Credit Union v. Tucker*, 853 So. 2d 104, 110 (Miss. 2003).  As Defendants note, dictum from *Tucker* suggests that a fetus of less than eight weeks would not be quick, but *Tucker* also states that the question is for the finder of fact.  *Id*. at 112.

In this case, the parties submitted competing expert affidavits addressing whether the fetus was quick.  Plaintiff's expert opined that it was.  Whether the fetus was actually quick is a question of fact that will ultimately be decided based on the weight of the evidence and Mississippi's interpretation of the statute.  For now, Plaintiff's expert creates a genuine issue of material fact that this Court may not weigh at the summary judgment stage.  *Reeves*, 530 U.S. at 150.  The motion is therefore denied.

   B.     Right to Jury Trial

As 28 U.S.C. § 2402 states, "[A]ny action against the United States under section 1346 shall be tried by the court without a jury . . . ."  Accordingly, "[t]here is no right to a jury trial on an FTCA claim that does not involve certain tax issues."  *Douglas v. Dep't of Veterans Affairs*,

---

[1] *See Hollis v. United States*, 323 F.3d 330, 334 (5th Cir. 2003) (holding that under the FTCA, liability is controlled by state law).

3

No. 99-20914, 2000 WL 1598040, *1 (5th Cir. Sept. 29, 200).  Plaintiffs did not directly address this portion of the motion, which otherwise appears meritorious.

III.     Conclusion

For the above stated reasons, Defendants' motion for summary judgment is denied except to the extent it argues that Plaintiffs are not entitled to a jury trial.

**SO ORDERED AND ADJUDGED** this the 6th day of October, 2009.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE